UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALBERTO MARTINEZ,

    Petitioner,

v.

SECRETARY, WASHINGTON DEPARTMENT OF CORRECTIONS,

    Respondent.

CASE NO. 2:22-CV-403-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: September 30, 2022

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed a federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his state court judgment. Dkt. 17. After review of the relevant record, the Court concludes this Petition is second or successive and recommends the Petition be dismissed without prejudice.

**I.    Background**

    In 2005, Petitioner participated in the murder of Ramon-Cabrera Moreno. Dkt. 23-1, Ex. 2, Second Amended Petition, *Martinez v. Sinclair*, Case No. 2:09-cv-00456-RSM-JPD. In 2006, a jury in the King County superior court found Petitioner guilty of murder in the first degree and

assault in the second degree. Dkt. 23-1, Ex. 1, Judgment and Sentence, King County Cause No. 05-1-07872-0.

In 2009, Petitioner filed a federal habeas petition ("First Petition") in this Court seeking relief from the 2006 convictions and sentence. *See Martinez v. Sinclair*, Case No. 2:09-cv-00456-RSM-JPD. In the First Petition, Petitioner raised two grounds for relief: (1) Petitioner's counsel was ineffective for failing to investigate and raise an alibi defense at trial; and (2) Petitioner's right to due process was violated when the trial court denied his motion to compel the identity of the confidential informant. Dkt. 23-1, Ex. 2. The Court considered the First Petition on the merits, denied the First Petition, and dismissed the case with prejudice. *Id*. at Exs. 3, 4. The Ninth Circuit affirmed the Court's decision. *See id*. at Ex. 6.

On June 29, 2022, Petitioner filed this Petition ("Second Petition") asserting the following grounds for relief: (1) jury instruction number 9, which defined premeditation, violated due process; and (2) defense counsel provided ineffective assistance for not objecting to the jury instruction. Dkt. 17 at 16–20. On August 11, 2022, Respondent filed an Answer and Memorandum of Authorities and relevant state court records. Dkts. 22, 23. In the Answer, Respondent argues this case should be dismissed because the Second Petition is a second or successive petition and, therefore, without authorization from the Ninth Circuit the Court lacks jurisdiction to consider it. Dkt. 22. Petitioner filed a Response to the Answer on August 29, 2022. Dkt. 24.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

1  only to petitions adjudicated and denied on the merits in the previous federal habeas corpus
2  proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*
3  *Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district
4  court either considers and rejects the claims or determines that the underlying claim will not be
5  considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
6  *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). The Ninth Circuit also states "[a] habeas
7  petition is second or successive only if it raises claims that were or could have been adjudicated
8  on the merits." *McNabb*, 576 F.3d at 1029.

9       Petitioner filed his First Petition challenging the same 2006 King County judgment and
10 sentence challenged in the Second Petition. The Court denied the First Petition "on the merits,"
11 finding that the state court's conclusion regarding the grounds raised was not contrary to, or an
12 unreasonable application of, clearly established federal law. *See Martinez v. Sinclair*, Case No.
13 2:09-cv-00456-RSM-JPD. Further, in the Second Petition, Petitioner alleges a jury instruction at
14 his 2006 trial violated due process and that his counsel was ineffective for failing to object to it.
15 Dkt. 17. Petitioner was or could have been aware of the factual predicate of these claims when
16 his conviction became final and could have raised these claims in his First Petition. The claims,
17 therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v.*
18 *Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive"
19 when the petitioner was aware of the factual predicate of the claim and could have raised the
20 claim in his first petition).

21      As Petitioner's First Petition was denied on the merits and Petitioner was or could have
22 been aware of the claims asserted in the Second Petition prior to filing the First Petition, the
23 Second Petition is "second or successive."
24

REPORT AND RECOMMENDATION - 3

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to consider the Second Petition and it should be dismissed without prejudice.[1] *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

---

[1] In his Response to the Answer, Petitioner argues his failure to raise the instant grounds for relief in his First Petition should be excused under the doctrine of procedural default. Dkt. 24. However, because the Court finds the Second Petition to be a "second or successive" petition, it lacks jurisdiction to consider the merits of Petitioner's argument with respect to his procedurally defaulted claims in his Second Petition. *See Magwood*, 561 U.S. at 331.

REPORT AND RECOMMENDATION - 4

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

**IV.    Conclusion**

For the above stated reasons, the Court recommends the Second Petition (Dkt. 17) be dismissed without prejudice and a certificate of appealability be denied.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 30, 2022, as noted in the caption.

Dated this 13th day of September, 2022.

David W. Christel
United States Magistrate Judge